JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Samuel Lewis ("defendant"), appeals from his conviction for failure to comply with an order or signal of a police officer with enhancement and his conviction for felonious assault. Defendant does not challenge his other convictions for drug trafficking, drug possession, and possession of criminal tools. For the reasons that follow we affirm.
 {¶ 2} The facts pertinent to resolution of this appeal are as follows: Defendant was the target of a police "buy-bust" of illegal drugs. Police activated the overhead lights and sirens on their vehicle and approached defendant's vehicle. Defendant drove off and police followed him. The chase was at a high rate of speed (in excess of 50 miles per hour) through residential streets. Defendant was driving without his lights on, ignoring traffic signs and lights, crossing left of center. Witnesses testified that vehicles had to move out of defendant's way to avoid collision. Defendant almost "rammed numerous police cars" and ran Lt. Connelly's police car off the road on more than one occasion. After five minutes, Lt. Connelly called off the pursuit because it got too dangerous and life threatening.
 {¶ 3} Officer Shay testified that the policy for calling off vehicle pursuits "is when a supervisor believes that the risk outweighs the reward * * * once it was just too dangerous, it was called off." At one point, defendant drove directly towards the police cars head on. Defendant was later arrested at his mother's house. *Page 4 
 {¶ 4} Lt. Connelly testified that defendant was intentionally trying to run him off the road. Defendant drove left of center to force Lt. Connelly off the road. Defendant was driving approximately 45 miles per hour directly towards Lt. Connelly's vehicle.
 {¶ 5} "I. The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that appellant was guilty of failure to comply with the order or signal of a police officer enhanced by the furthermore clause and felonious assault."
 {¶ 6} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 7} Defendant does not challenge that sufficient evidence existed to support his conviction for failure to comply with the order or signal of a police officer. Rather, defendant claims there was insufficient evidence to convict him of the enhancement provision of R.C. 2921.331
because he believes the evidence did not establish a *Page 5 
"substantial risk" of "physical harm to persons" and/or "serious physical harm to property" as defined by law.
 {¶ 8} Defendant concedes that he was driving "erratically." However, defendant maintains that because he did not hit any of the police cars, the evidence of serious physical harm to persons or property is lacking. According to testimony in the record, Lt. Connelly called off the police car chase because defendant was "putting other people's lives in danger." Defendant was driving at excessive rates of speed through residential streets and cars had to move in order to avoid a collision with him. Defendant was disobeying traffic signs and signals and trying to run Lt. Connelly off of the road. That no serious harm occurred to persons or property does not overcome the evidence that sufficiently established a substantial risk of it.
 {¶ 9} Defendant also believes that the evidence is insufficient to support his conviction for felonious assault pursuant to R.C.2903.11(A)(2) and (D). He maintains that the evidence does not establish that he knowingly attempted to injure Lt. Connelly. Lt. Connelly believes defendant saw his vehicle and intentionally drove head on towards him at a speed of approximately 45 miles per hour. Officer Shay described that defendant attempted to run Lt. Connelly off the road on more than one occasion. If Lt. Connelly did not drive up onto the curb, defendant would have rammed his vehicle head on. This is sufficient to establish that defendant knowingly attempted to cause physical harm to another as those terms are defined by law.
 {¶ 10} Accordingly, Assignment of Error I is overruled. *Page 6 
 {¶ 11} "II. Appellant's convictions for failure to comply with the order or signal of a police officer along with the enhancement provision and felonious assault were against the manifest weight of the evidence."
 {¶ 12} A reviewing court may find a verdict to be against the manifest weight of the evidence even though legally sufficient evidence supports it. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. To warrant reversal from a verdict under a manifest weight of the evidence claim, this Court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v.Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 13} Defendant maintains that the trial court lost its way following his bench trial by finding him guilty of failure to comply with the order or signal of a police office with enhancement and felonious assault. Defendant reincorporated the arguments he advanced under the first assignment of error here. A review of the record reveals that defendant's convictions are not against the manifest weight of the evidence but are supported by it.
 {¶ 14} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed. *Page 7 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, PRESIDING JUDGE
 SEAN C. GALLAGHER, J., and PATRICIA A. BLACKMON, J., CONCUR